21-1676-cv
Guillette v. Burlington Police Dep't

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand twenty-two.

PRESENT:
> PIERRE N. LEVAL,
> DENNY CHIN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

Sean E. Guillette,

*Plaintiff-Appellant*,

v. 21-1676

Burlington Police Department, South Burlington
Police Department, State of Vermont,

*Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT: Sean Guillette, pro se, Swanton, VT.

FOR DEFENDANTS-APPELLEES: Sean M. Toohey, Lynn, Lynn, Blackman
& Manitsky, P.C., Burlington, VT, *for*
Burlington Police Department;

Michael J. Leddy, McNeil, Leddy & Sheahan, P.C., Burlington, VT, *for* South Burlington Police Department.

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court and the order denying leave to amend the complaint are **AFFIRMED**.

Appellant Sean Guillette, proceeding pro se, sued the Burlington Police Department ("BPD"), South Burlington Police Department ("SBPD"), and the State of Vermont under 42 U.S.C. § 1983, alleging that his car was unconstitutionally searched and impounded. After the district court permitted Guillette to file an amended complaint, he failed to meet the deadline, despite being given an extension of time. The district court subsequently dismissed the complaint for failure to prosecute. After judgment was entered, Guillette moved to amend his complaint. The district court denied the motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We affirm the judgment dismissing Guillette's complaint on the ground that the complaint failed to state a claim for relief. *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993) ("We may affirm … on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely."). Municipalities, and individuals sued in their official capacities, are liable under § 1983 only if the challenged conduct was "pursuant to a municipal policy or custom," *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004)

2

(citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978)), or caused by a "failure to train," *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (citing *Monell*, 436 U.S. at 694). To satisfy the policy-or-custom requirement, a plaintiff may show that the challenged practice "was so persistent or widespread as to constitute a custom or usage with the force of law" or that the "practice of subordinate employees was so manifest as to imply the constructive acquiescence of senior policy-making officials." *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015) (quoting *Patterson*, 375 F.3d at 226). A "general and conclusory allegation" of a municipal policy or custom, however, fails to state a plausible claim. *Id.*

Guillette failed to state a claim against the police department defendants. He alleged that two police officers violated the Fourth Amendment by searching and impounding his car without his consent. But he did not allege any facts that showed it was departmental policy or custom for the officers to do so. Without such allegations, Guillette failed to state a claim against the BPD and the SBPD. *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy."). Nor could Guillette state a claim against the State of Vermont. As the district court noted, there were no allegations against the state. And, in any event, Vermont is protected from suit by state sovereign immunity. *See CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 94-95 (2d Cir. 2002) (explaining that a state has sovereign immunity from suit unless the state expressly waives its immunity or Congress validly abrogates that immunity).

The district court also properly denied Guillette leave to amend his complaint after judgment had been entered. It is well established that a plaintiff "seeking to file an amended

3

complaint post[-]judgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. Proc. 59(e) or 60(b)." *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 145 (2d Cir. 2020). Guillette did not file a motion to vacate the judgment before he filed his post-judgment motion for leave to amend the complaint and, as a result, the district court properly denied Guillette's motion.

We have considered Guillette's remaining arguments, which we conclude are without merit. Accordingly, we **AFFIRM** the judgment of the district court and the denial of Guillette's post-judgment motion to amend his complaint.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4